# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HARDER MECHANICAL CONTRACTORS,<br><br>　　　　　Defendant. | 1:23-cv-01162-BAM<br><br>ORDER REQUIRING PLAINTIFF TO FILE COMPLETED APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>**RESPONSE DUE: September 14, 2023** |

　　　　Plaintiff Sergio Alvarez, proceeding *pro se*, filed this civil action on August 4, 2023, along with an application to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2.) On August 8, 2023, the Court issued an Order requiring Plaintiff to file a completed IFP application or pay a filing fee, and highlighted deficiencies with Plaintiff's initial IFP application. (Doc. 3.) In its Order, the Court noted that Plaintiff had not stated the pay period for his salary in response to Item 2a, nor the amount Plaintiff contributes to his children's support in Item 6. (*Id.* at 1.) Plaintiff filed a new IFP application on August 11, 2023. (Doc. 4.) However, as there are still deficiencies with the re-filed IFP application, the Court will direct Plaintiff to file a new application.

　　　　First, Plaintiff lists "like $2300.00" in response to item 2a requiring he "state the amount of your take-home salary or wages and pay period and give the name and address of your

1

employer." (Doc. 4 at 1.) This response of "like $2300.00" does not make clear whether Plaintiff is paid approximately $2,300.00 weekly, every other week, monthly, yearly, or on some other pay period. The form requires applicants "state the amount of your take-home salary or wages and pay period…" (*Id.*) Accordingly, in any refiled IFP application, Plaintiff should **clarify the frequency he receives the approximately $2300.00 salary (e.g., weekly, biweekly, monthly, yearly)** for the Court to properly assess his financial circumstances. Second, in response to item 6 stating "List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support," Plaintiff wrote "3 kids everything they need for school or personal use." (*Id.* at 2.) This response does not include an approximate amount that Plaintiff contributes to his children's support. In any refiled IFP application, Plaintiff should similarly **clarify the approximate dollar amount he contributes to his three children's support** so the Court may assess his financial circumstances.

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). Without knowing Plaintiff's financial circumstances, the Court cannot conclude that Plaintiff is unable to pay the $402.00 filing fee for this case. Accordingly, the Court will require Plaintiff to file a revised application containing the completed financial information.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to mail Plaintiff a form IFP application. (Form AO 240);

2. Plaintiff shall complete the form IFP application, accurately, truthfully, and completely answering all questions and shall file the form by no later than September 14, 2023.  Alternatively, Plaintiff may pay the $402.00 filing fee to proceed with this case;

3. No extension of time will be granted without a showing of good cause; and

4. The failure to comply with this order will result in dismissal of this action for failure to comply with a Court order, without prejudice.

IT IS SO ORDERED.

Dated:   **August 15, 2023**           /s/ *Barbara A. McAuliffe*           
                                   UNITED STATES MAGISTRATE JUDGE

3