UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>          Plaintiff,<br><br>    v.<br><br>HARDER MECHANICAL CONTRACTORS,<br><br>          Defendant. | Case No. 1:23-cv-01162-BAM<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff Sergio Alvarez ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on August 4, 2023. (Doc. 1.) The Court granted Plaintiff's motion to proceed in forma pauperis. (Doc. 9.) Plaintiff's complaint is currently before the Court for screening. (Doc. 1.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the

1  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
2  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
3  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
4  Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
5  true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*,
6  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
7        To survive screening, Plaintiff's claims must be facially plausible, which requires
8  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
9  for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret
10 Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
11 is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
12 standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.
13       **II.**    **Summary of Plaintiff's Allegations**
14       Plaintiff drafted his complaint using the form provided by this Court.  Plaintiff does not
15 identify whether the basis of the Court's jurisdiction is either federal question or diversity of
16 citizenship, but writes under "If the Basis for Jurisdiction Is Diversity of Citizenship" that
17 Plaintiff Sergio Alvarez is a citizen of the State of California and that Defendant Harder
18 Mechanical Contractors has its principal place of business in Portland, Oregon.  (Doc. 1 at 3-5.)
19 In the section in which he is asked to specify the amount in controversy, Plaintiff states,
20 "$250,000… I was discrimination at work and lost the Job and Finance became real bad."  (Doc.
21 1 at 5.)
22       In the Statement of Claim section, Plaintiff writes "I lost my job – including my wages &
23 I was discriminated against in front of my co-worker. Due to loss of employment I fell behind on
24 my household expenses."  (Doc. 1 at 5.)  As relief, Plaintiff states "Due to being discriminated at
25 work & in front of my co-worker I felt humiliated, belittled, & that caused me to feel very
26 stressed mentally & it is still affecting me today mentally & emotionally."  (Doc. 1 at 6.)  Plaintiff
27 further attached an EEOC determination of charge to the complaint.  (Doc. 1 at 7-11.)
28

**III.   Discussion**

**A.  Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's complaint does not clearly state what happened.  Although Plaintiff broadly alleges discrimination, he does not provide any details about the nature of the discrimination or circumstances of the discrimination beyond that it occurred "in front of [his] co-worker."  (Doc. 1 at 5.)  He also does not include sufficient factual allegations to state a claim for relief that is plausible on its face.

"The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson, et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "The critical inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis." *Id.* (citations omitted).  Here, Plaintiff appears to support his claims by broadly asserting that he was discriminated against in front of a coworker.  (Doc. 1 at 5.)  These allegations and statements suggest that Plaintiff's complaint lacks an arguable legal or factual basis.

**B. Title VII Discrimination**

As Plaintiff includes an EEOC determination of charge within his complaint and vaguely alleges discrimination, the Court notes that Title VII makes it an "unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To allege a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must allege that "(1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). "[A]n adverse employment action is one that 'materially affect[s] the compensation, terms, conditions, or privileges of ... employment.' " *Id.* (quoting *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1126 (9th Cir. 2000)).

Plaintiff's complaint contains no factual allegations to support a Title VII claim for discrimination or any other claim. If Plaintiff elects to amend his complaint, he must include factual allegations sufficient to plead the prima facie elements of a claim.

**C. ADA Discrimination**

Given that Plaintiff broadly references discrimination, the Court also notes that a prima facie case of discrimination under the Americans with Disabilities Act (ADA) requires a plaintiff to demonstrate: "(1) that [plaintiff] is disabled within the meaning of the ADA; (2) that [plaintiff] is a qualified individual with a disability; and (3) that [plaintiff] was discriminated against because of [his] disability." *Smith v. Clark County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). "Disabled" under the ADA means an individual with "[a] physical or mental impairment that substantially limits one or more major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment...." 42 U.S.C. § 12102(1). A qualified individual is an "individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12111(8)) (internal quotation marks omitted).

Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of

4

employees, employee compensation, job training, and other terms, conditions, and privileges of employment." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 988 (9th Cir. 2007) (quoting 42 U.S.C. § 12112(a)). This prohibition extends to requiring improper medical examinations. *See Equal Employment Opportunity Commission v. BNSF Railway Company*, 902 F.3d 916, 922 (9th Cir. 2018). "Under the ADA, employer medical inquiries are divided into three categories, each with different rules: (1) inquiries conducted before employers make offers of employment; (2) inquiries conducted after an offer of employment has been made but prior but to the commencement of employment duties (employment entrance examinations); and (3) inquiries conducted at any later point." *Id.* (internal quotation marks omitted) (quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1273 (9th Cir. 1998)).

Plaintiff's complaint contains no factual allegations to support an ADA claim for discrimination or any other claim. If Plaintiff elects to amend his complaint, he must include factual allegations sufficient to plead the prima facie elements of a claim.

### IV.  Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's rights. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."

Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **December 17, 2024**          /s/ Barbara A. McAuliffe         _
                                        UNITED STATES MAGISTRATE JUDGE