1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SERGIO ALVAREZ,                        Case No.  1:23-cv-01162-BAM

12                Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DISMISSAL OF ACTION
13        v.                                 FOR FAILURE TO OBEY COURT ORDER
                                             AND FAILURE TO STATE A CLAIM
14   HARDER MECHANICAL
     CONTRACTORS,                            ORDER DIRECTING CLERK TO
15                                           RANDOMLY ASSIGN DISTRICT JUDGE
                Defendant.
16                                           (Docs. 1, 11)

17                                           **FOURTEEN-DAY DEADLINE**

18
           Plaintiff Sergio Alvarez ("Plaintiff") proceeds pro se and in forma pauperis in this civil
19
     action.  (Docs. 1, 9.)  For the reasons that follow, the Court will recommend that this action be
20
     dismissed for failure to obey a court order and for failure to state a claim.
21
           **I.        Background**
22
           Plaintiff initiated this action on August 4, 2023.  (Doc. 1.)  The Court granted Plaintiff's
23
     motion to proceed in forma pauperis on August 30, 2023.  (Doc. 9.)  On February 23, 2024,
24
     Plaintiff filed an unsigned witness statement.  (Doc. 10.)  On December 17, 2024, the Court
25
     screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined that the
26
     complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8.
27
     (Doc. 11.)  The Court granted Plaintiff leave to amend within thirty (30) days of service of the
28

                                            1

Court's order. (*Id.*) Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action. (*Id.* at 6.) The deadline for Plaintiff to file an amended complaint has passed and Plaintiff has not complied with the Court's order. The Court therefore will recommend dismissal of this action.

## II.    Failure to State a Claim

### A.  Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.  Summary of Plaintiff's Allegations

Plaintiff drafted his complaint using the form provided by this Court. Plaintiff does not identify whether the basis of the Court's jurisdiction is either federal question or diversity of citizenship, but writes under "If the Basis for Jurisdiction Is Diversity of Citizenship" that

2

1   Plaintiff Sergio Alvarez is a citizen of the State of California and that Defendant Harder

2   Mechanical Contractors has its principal place of business in Portland, Oregon.  (Doc. 1 at 3-5.)

3   In the section in which he is asked to specify the amount in controversy, Plaintiff states,

4   "$250,000… I was discrimination at work and lost the Job and Finance became real bad."  (Doc.

5   1 at 5.)

6           In the Statement of Claim section, Plaintiff writes "I lost my job – including my wages &

7   I was discriminated against in front of my co-worker. Due to loss of employment I fell behind on

8   my household expenses."  (*Id.*)  As relief, Plaintiff states "Due to being discriminated at work &

9   in front of my co-worker I felt humiliated, belittled, & that caused me to feel very stressed

10  mentally & it is still affecting me today mentally & emotionally."  (*Id.* at 6.)  Plaintiff further

11  attached an EEOC determination of charge to the complaint.  (*Id.* at 7-11.)

12          **C.  Discussion**

13          Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

14  plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

15  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

16  of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

17  (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

18  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

19  at 570, 127 S.Ct. at 1974).  While factual allegations are accepted as true, legal conclusions are

20  not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

21          Plaintiff's complaint is not a plain statement of his claims.  While short, Plaintiff's

22  complaint does not clearly state what happened.  Although Plaintiff broadly alleges

23  discrimination, he does not provide any details about the nature of the discrimination or

24  circumstances of the discrimination beyond that it occurred "in front of [his] co-worker."  (Doc.

25  1 at 5.)  He also does not include sufficient factual allegations to state a claim for relief that is

26  plausible on its face.

27          "The court may ... dismiss a claim as frivolous where it is based on an indisputably

28  meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson,*

3

1    *et al.*, No. 2:21-cv-00997-CKD, 2021 WL 3602139, at \*1 (E.D. Cal. 2021) (citing *Neitzke v.*

2    *Williams*, 490 U.S. 319, 327 (1989)).  "The critical inquiry is whether a ... claim, however

3    inartfully pleaded, has an arguable legal and factual basis."  *Id.* (citations omitted).  Here,

4    Plaintiff appears to support his claims by broadly asserting that he was discriminated against in

5    front of a coworker.  (Doc. 1 at 5.)  These allegations and statements demonstrate that Plaintiff's

6    complaint lacks an arguable legal or factual basis, and Plaintiff has not filed an amended

7    complaint to remedy those defects.  (*See* Docs. 1, 11.)

8              **III.  Failure to Obey a Court Order**

9                   **A.        Legal Standard**

10         Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

11   any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

12   within the inherent power of the Court."  District courts have the inherent power to control their

13   dockets and "[i]n the exercise of that power they may impose sanctions including, where

14   appropriate, . . . dismissal."  *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A

15   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

16   failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*,

17   46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

18   *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order

19   requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir.

20   1987) (dismissal for failure to comply with court order).

21         In determining whether to dismiss an action, the Court must consider several factors: (1)

22   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

23   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

24   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*,

25   779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

26                   **B.        Discussion**

27         Here, Plaintiff's amended complaint is overdue.  (*See* Doc. 11.)  The action cannot

28   proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the

1  Court cannot hold this case in abeyance awaiting compliance by Plaintiff.  The Court

2  additionally cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the

3  Court finds that both the first and second factors weigh in favor of dismissal.

4      The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a

5  presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

6  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs

7  against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,

8  291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

9  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

10 progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*

11 *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

12     Finally, the Court's warning to a party that failure to obey the Court's order will result in

13 dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at

14 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's December 17, 2024

15 screening order expressly warned Plaintiff that his failure to comply would result in a

16 recommendation for dismissal of this action.  (Doc. 11 at 6.)  Plaintiff had adequate warning that

17 dismissal could result from his noncompliance.

18     Additionally, at this stage in the proceedings there is little available to the Court that

19 would constitute a satisfactory lesser sanction while protecting the Court from further

20 unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action

21 indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is

22 likely to have no effect given that Plaintiff has ceased litigating his case.

23     **IV.    Conclusion and Recommendation**

24     For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed

25 based on Plaintiff's failure to obey the Court's order and for failure to state a claim.

26     The Court further DIRECTS the Clerk of Court to randomly assign a District Judge to

27 this matter.

28     These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 4, 2025**            /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

6