UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>               Plaintiff,<br><br>     v.<br><br>HARDER MECHANICAL CONTRACTORS,<br><br>               Defendant. | Case No.  1:23-cv-01162-BAM<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(Doc. 13) |

On December 17, 2024, this Court issued its screening order granting Plaintiff leave to amend, finding that Plaintiff's complaint lacked an arguable legal or factual basis given the lack of detail regarding the nature of the discrimination or circumstances of the discrimination.  (Doc. 11.)  On February 5, 2025, this Court issued findings and recommendations recommending that this action be dismissed based on Plaintiff's failure to obey the Court's order and for failure to state a claim.  (Doc. 13.)  The findings and recommendations remain pending, and have not been accepted, rejected, or otherwise modified.  Plaintiff filed his objections on February 10, 2025, which included his own description of the events giving rise to this action.  (Doc. 14.)

Having further considered this matter based upon Plaintiff's objections, this Court finds that Plaintiff may be able to remedy the defects in his initial complaint.  (*See* Doc. 14 at 1.)  Therefore, this Court will vacate the findings and recommendations.

1

Plaintiff is required to submit an amended complaint to address the defects in his initial complaint identified in the Court's screening order. (*See* Doc. 11.) A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in its screening order (Doc. 11) or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **February 25, 2025**         /s/ *Barbara A. McAuliffe*         
UNITED STATES MAGISTRATE JUDGE