1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SERGIO ALVAREZ,                        Case No.  1:23-cv-01162-BAM

12                  Plaintiff,              SCREENING ORDER GRANTING
                                            PLAINTIFF LEAVE TO AMEND
13          v.
                                            (Doc. 16)
14   HARDER MECHANICAL
     CONTRACTORS,                           **THIRTY-DAY DEADLINE**
15
                    Defendant.
16

17          Plaintiff Sergio Alvarez ("Plaintiff"), proceeding pro se and in forma pauperis, initiated

18   this civil action on August 4, 2023.  (Doc. 1.)  On December 17, 2024, the Court screened

19   Plaintiff's complaint and granted him leave to amend within thirty days.  (Doc. 11.)  On February

20   5, 2025, after Plaintiff failed to timely amend his complaint, the Court issued findings and

21   recommendations to dismiss the action for failure to obey a court order and for failure to state a

22   claim.  (Doc. 13.)  Plaintiff filed objections to the dismissal.  (Doc. 14.)  On February 25, 2025,

23   upon review of Plaintiff's objections, the Court vacated the findings and recommendations and

24   directed Plaintiff to file a first amended complaint within thirty days.  (Doc. 15.)  Plaintiff's first

25   amended complaint, filed on February 27, 2025, is currently before the Court for screening.

26   (Doc. 16.)

27          **I.      Screening Requirement and Standard**

28          The Court screens complaints brought by persons proceeding in pro se and in forma

                                            1

1  pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to

2  dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

3  granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28

4  U.S.C. § 1915(e)(2)(B)(ii).

5      A complaint must contain "a short and plain statement of the claim showing that the

6  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

7  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

8  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

9  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

10  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

11  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

12      To survive screening, Plaintiff's claims must be facially plausible, which requires

13  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

14  for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

15  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

16  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

17  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

18      **II.    Summary of Plaintiff's Allegations**

19      Plaintiff drafted his amended complaint using the form provided by this Court.  The

20  caption of the amended complaint lists a single defendant, Harder Mechanical Contractors.  (Doc.

21  16 at 1.)  However, Plaintiff also lists the following individuals as named defendants: Montambo,

22  Craig, Ronnie, and Tim.  (*Id.* at 2-3.)  Plaintiff does not identify whether the basis of the Court's

23  jurisdiction is either federal question or diversity of citizenship.  However, in the section of the

24  form requiring Plaintiff to list the specific federal statutes, federal treaties, or provisions of the

25  United States Constitution that are at issue for federal question jurisdiction, he states,

26  "discrimination." (*Id.* at 4.)   In the section of the form for identifying the basis for diversity of

27  citizenship, Plaintiff states that he is a citizen of California, and that Defendant Harder

28  Mechanical is a citizen of Oregon with its principal place of business in Oregon.  (*Id.* at 4-5)   In

2

1    the section in which he is asked to specify the amount in controversy, Plaintiff states, "I am

2    asking for 400,00 thousand for loss wages and Pain and suffering." (*Id.* at 5.)  In the Statement of

3    Claim section, Plaintiff alleges, "was working on a reactor with Montambo and my co worker

4    Luis and a tight pot when Montambo tells me he doesn't need a one handed [expletive] and next

5    day Craig send me and only me to get a physical of all 20 people." (*Id.*)  As requested relief,

6    Plaintiff states, "I got discrimated [sic] and loss of wages and benefits and only one to get a

7    Physical." (*Id.* at 6.)

8         Plaintiff attaches two exhibits to his amended complaint:  (1) an unsigned, typewritten

9    statement from Plaintiff's apparent co-worker; and (2) the second page of a two-page check-the-

10   box form with the box checked for "This Full Duty position is APPROVED."  (Doc. 16 at 7-9.)

11        **III.    Discussion**

12        **A.  Federal Rule of Civil Procedure 8**

13        Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and

14   plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

15   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

16   of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

17   (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

18   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

19   at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are

20   not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

21        Plaintiff's amended complaint is not a plain statement of his claims.  While short,

22   Plaintiff's amended complaint does not clearly state what happened, when it happened, and who

23   was involved.  The nature of Plaintiff's discrimination claim is unclear.  Although Plaintiff

24   broadly alleges discrimination, he does not provide sufficient details regarding the nature of his

25   discrimination claim or the circumstances of the alleged discrimination beyond that he was

26   required to obtain a physical related to his hand.  He also does not link defendants Ronnie and

27   Tim to any of the allegations in his form complaint.  Because Plaintiff's complaint fails to

28   include sufficient factual allegations, the Court cannot conclude that he has stated a cognizable

                                        3

1    claim for relief.

2          The Court acknowledges that the typewritten statement attached to his amended

3    complaint includes detailed factual allegations, which could plausibly state a claim for relief if

4    included in his amended complaint.  However, the Court has not considered that statement in

5    assessing whether Plaintiff has stated a cognizable claim because that statement appears to have

6    been written by someone other than Plaintiff and is unsigned.  Plaintiff will be granted one final

7    opportunity to amend his complaint, which should include factual allegations like those in the

8    statement, detailing what happened, when it happened, and who was involved.

9                    **B.  Federal Rule of Civil Procedure 10**

10          Plaintiff's complaint does not have a caption that contains the name of purported

11    defendants Montambo, Craig, Ronnie, and Tim that are identified in the body of the form

12    complaint, in violation of Rule 10(a).  *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that

13    plaintiffs include the names of all parties in the caption of the complaint).  Rule 10 of the Federal

14    Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of

15    "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered

16    paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P.

17    10.  Plaintiff's complaint is subject to dismissal on this basis alone.  *See Martinez v. Davey*, No.

18    16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing,

19    among other reasons, because "Plaintiff makes allegations against numerous non-party

20    individuals not named in the caption of the complaint" in violation of Rule 10(a)).  In any

21    amended complaint, Plaintiff must identify all defendants in the caption of the complaint.

22                    **C.  Federal Court Jurisdiction**

23          Federal courts are courts of limited jurisdiction and may adjudicate only those cases

24    authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*,

25    511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary

26    appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)

27    (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without

28    jurisdiction, the district court must dismiss the case. S*ee Morongo Band of Mission Indians v.*

4

1    *California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Generally, there are

2    two bases for subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question

3    jurisdiction. 28 U.S.C. §§ 1331, 1332.

### 1.    Federal Question Jurisdiction

5    Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil

6    actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

7    under' federal law either where federal law creates the cause of action or 'where the vindication

8    of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican*

9    *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

10   *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of

11   federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc.*

12   *v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal

13   jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

14   pleaded complaint." *Id.*

15   Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of

16   the United States upon which relief in this civil action is premised. He alleges only

17   "discrimination" without reference to a constitutional violation or federal statute.

### 2.    Diversity Jurisdiction

19   Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

20   actions "where the matter in controversy exceeds the sum or value of $75,000," and where the

21   matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

22   Plaintiff's amended complaint does not adequately allege that the parties' citizenship is

23   completely diverse. Plaintiff alleges that he is a citizen of California, and that Defendant Harder

24   Mechanical is a citizen of Oregon with its principal place of business in Oregon. (Doc. 16 at 4-

25   5.) However, he does not allege the citizenship of the other referenced defendants—Montambo,

26   Craig, Ronnie, or Tim. (*Id.* at 5.) Although Plaintiff lists the same address for the individual

27   defendants in Oregon, the Court notes that this address is the address for Defendant Harder

28   Mechanical. (*Id.* at 2-3.) The address of Harder Mechanical, without more, is insufficient to

1    establish the citizenship of the individual defendants.

2            **D.      Title VII Discrimination**

3            Title VII makes it an "unlawful employment practice for an employer ... to fail or refuse

4    to hire or to discharge any individual, or otherwise to discriminate against any individual with

5    respect to his compensation, terms, conditions, or privileges of employment, because of such

6    individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1).

7    Plaintiff's amended complaint, like his original complaint, fails to allege any facts to show

8    discrimination based on "race, color, religion, sex, or national origin."

9            **E.      Violation of the Americans with Disabilities Act ("ADA")**

10           A prima facie case of discrimination under the ADA requires a plaintiff to demonstrate:

11   (1) that he is disabled within the meaning of the ADA; (2) that he is a qualified individual with a

12   disability; and (3) that he was discriminated against because of his disability. *Smith v. Clark*

13   *County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). "Disabled" under the ADA means an

14   individual with "[a] physical or mental impairment that substantially limits one or more major

15   life activities of such individual; a record of such an impairment; or being regarded as having

16   such an impairment...." 42 U.S.C. § 12102(1). A qualified individual is "an 'individual with a

17   disability who, with or without reasonable accommodation, can perform the essential functions

18   of the employment position that such individual holds or desires.'" *Nunes v. Wal-Mart Stores,*

19   *Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12111(8)).

20           Plaintiff does not allege that he is a disabled person within the meaning of the ADA.

21   Plaintiff's primary allegations relate to being the only person required to undergo a physical

22   examination. Under the ADA, an employer may not require a current employee to undergo a

23   medical examination unless the examination "is shown to be job-related and consistent with

24   business necessity." 42 U.S.C. § 12112(d)(4)(A); *see Indergard v. Georgia-Pac. Corp.*, 582 F.3d

25   1049, 1052–53 (9th Cir. 2009). This prohibition applies to all employees, regardless of whether

26   they qualify as "disabled" under the ADA. *Indergard*, 582 F.3d at 1052–53*; Fredenburg v.*

27   *Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1182 (9th Cir. 1999). However, "[a]

28   covered entity may make inquiries into the ability of an employee to perform job-related

functions." 42 U.S.C. § 12112(d)(4)(B). Medical inquiries are job-related and consistent with business necessity when an employer has good cause to determine whether an employee is capable of performing his job-related functions. *See Yin v. State of California*, 95 F.3d 864, 868 (9th Cir. 1996); *Glover v. Brown*, No. 1:18-CV-0853-DAD-JLT, 2018 WL 3241072, at *2 (E.D. Cal. July 2, 2018).

There are insufficient factual allegations in the amended complaint for the Court to determine whether any defendant made an inquiry in violation of the provisions of the ADA. Although Plaintiff alleges that "Craig" sent him to get a physical and that he was the "only one to get a Physical," he has not alleged what inquiry was made or when, nor has he adequately alleged the circumstances precipitating the inquiry. He also has not alleged that the physical examination or inquiry was not job-related or consistent with business necessity or that the inquiry was not designed to determine his ability to work. Without basic factual information, the Court is unable to find that Plaintiff has stated a cognizable claim for violation of the ADA. If Plaintiff is claiming he was discriminated against on the basis of a disability, he should also include facts about that disability and why he believes any defendant discriminated against him due to that disability.

## IV.    Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8 and 10, fails to adequately allege this Court's jurisdiction, and fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a **final** opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's rights. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

7

"buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a **second** amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3.      If Plaintiff fails to file an amended complaint in compliance with this order, then the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   **June 5, 2025**                        /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE

8