1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SERGIO ALVAREZ,                          Case No.  1:23-cv-01162-JLT-BAM

12                     Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DISMISSAL OF ACTION
13           v.                                FOR FAILURE TO OBEY COURT ORDER
                                               AND FAILURE TO STATE A CLAIM
14    HARDER MECHANICAL
      CONTRACTORS,                             (Doc. 17)
15
                      Defendant.               **FOURTEEN-DAY DEADLINE**
16

17          Plaintiff Sergio Alvarez ("Plaintiff") proceeds pro se and in forma pauperis in this civil

18   action.  For the reasons that follow, the Court will recommend that this action be dismissed for

19   failure to obey a court order and for failure to state a claim.

20          **I.      Background**

21          Plaintiff initiated this action on August 4, 2023.  (Doc. 1.)  On December 17, 2024, the

22   Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and granted him leave to

23   amend within thirty days.  (Doc. 11.)  On February 5, 2025, after Plaintiff failed to timely amend

24   his complaint, the Court issued findings and recommendations to dismiss the action for failure to

25   obey a court order and for failure to state a claim.  (Doc. 13.)  Plaintiff objected to the dismissal.

26   (Doc. 14.)  On February 25, 2025, upon review of Plaintiff's objections, the Court vacated the

27   findings and recommendations and directed Plaintiff to file a first amended complaint within

28   thirty days.  (Doc. 15.)  Plaintiff filed a first amended complaint on February 27, 2025.  (Doc. 16.)

On June 6, 2025, the Court screened Plaintiff's first amended complaint and determined that the amended complaint failed to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10, failed to adequately allege this Court's jurisdiction, and failed to state a cognizable claim upon which relief could be granted.  (Doc. 17.)  The Court granted Plaintiff a final opportunity to amend his complaint within thirty (30) days of service of the Court's order.  (*Id*.)  Plaintiff was expressly warned that if he failed to file an amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim upon which relief may be granted.  (*Id.* at 8.)  In lieu of filing a second amended complaint, Plaintiff filed a statement, which states:  "I never got a respond on this case from over 1 years from the last one.  So how could it be fair if I dont get a notice and suddenly I get a 30 day deadline its not fair I wish you guys could a good look on this I really aprieiated."[1]  (Doc. 18) (unedited text).  The deadline for Plaintiff to file his second amended complaint has passed and Plaintiff has not complied with the Court's order.  The Court therefore will recommend dismissal of this action.

**II.    Failure to State a Claim**

**A.  Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

---

[1] Plaintiff claims that he did not get notice.  (Doc. 18.)  The Court has served Plaintiff with all notices and orders at his address of record.  The documents or orders served on Plaintiff have not been returned as undeliverable.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### B.  Summary of Plaintiff's Allegations

Plaintiff drafted his amended complaint using the form provided by this Court.  The caption of the amended complaint lists a single defendant, Harder Mechanical Contractors.  (Doc. 16 at 1.)  However, Plaintiff also lists the following individuals as named defendants: Montambo, Craig, Ronnie, and Tim.  (*Id.* at 2-3.)  Plaintiff does not identify whether the basis of the Court's jurisdiction is either federal question or diversity of citizenship.  However, in the section of the form requiring Plaintiff to list the specific federal statutes, federal treaties, or provisions of the United States Constitution that are at issue for federal question jurisdiction, he states, "discrimination."  (*Id.* at 4.)   In the section of the form for identifying the basis for diversity of citizenship, Plaintiff states that he is a citizen of California, and that Defendant Harder Mechanical is a citizen of Oregon with its principal place of business in Oregon.  (*Id.* at 4-5)   In the section in which he is asked to specify the amount in controversy, Plaintiff states, "I am asking for 400,00 thousand for loss wages and Pain and suffering."  (*Id.* at 5.)  In the Statement of Claim section, Plaintiff alleges, "was working on a reactor with Montambo and my co worker Luis and a tight pot when Montambo tells me he doesn't need a one handed [expletive] and next day Craig send me and only me to get a physical of all 20 people."  (*Id.*)  As requested relief, Plaintiff states, "I got discrimated [sic] and loss of wages and benefits and only one to get a Physical."  (*Id.* at 6.)

Plaintiff attaches two exhibits to his amended complaint:  (1) an unsigned, typewritten

1   statement from Plaintiff's apparent co-worker; and (2) the second page of a two-page check-the-

2   box form with the box checked for "This Full Duty position is APPROVED."  (Doc. 16 at 7-9.)

3           **C. Discussion**

4           **1.  Federal Rule of Civil Procedure 8**

5         Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

6   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed

7   factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

8   supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation

9   omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to

10  relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570,

11  127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*;

12  *see also Twombly*, 550 U.S. at 556–557.

13        Plaintiff's amended complaint is not a plain statement of his claims.  While short,

14  Plaintiff's amended complaint does not clearly state what happened, when it happened, and who

15  was involved.  The nature of Plaintiff's discrimination claim is unclear.  Although Plaintiff

16  broadly alleges discrimination, he does not provide sufficient details regarding the nature of his

17  discrimination claim or the circumstances of the alleged discrimination beyond that he was

18  required to obtain a physical related to his hand.  He also does not link defendants Ronnie and

19  Tim to any of the allegations in his form complaint.  Because Plaintiff's complaint fails to

20  include sufficient factual allegations, the Court cannot conclude that he has stated a cognizable

21  claim for relief.

22        The Court acknowledges that the typewritten statement attached to his amended

23  complaint includes detailed factual allegations, which could plausibly state a claim for relief if

24  included in his amended complaint.  However, the Court has not considered that statement in

25  assessing whether Plaintiff has stated a cognizable claim because that statement appears to have

26  been written by someone other than Plaintiff and is unsigned.

27          **2.  Federal Rule of Civil Procedure 10**

28        Plaintiff's complaint does not have a caption that contains the name of purported

1    defendants Montambo, Craig, Ronnie, and Tim that are identified in the body of the form

2    complaint, in violation of Rule 10(a).  *See* Fed. R. Civ. P. 10(a) (Rule 10(a) requires that

3    plaintiffs include the names of all parties in the caption of the complaint).  Rule 10 of the Federal

4    Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of

5    "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered

6    paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P.

7    10.  Plaintiff's complaint is subject to dismissal on this basis alone.  *See Martinez v. Davey*, No.

8    16-cv-1658-AWI-MJS (PC), 2018 WL 898153, at *5 (E.D. Cal. Feb. 15, 2018) (dismissing,

9    among other reasons, because "Plaintiff makes allegations against numerous non-party

10   individuals not named in the caption of the complaint" in violation of Rule 10(a)).

11                          **3.  Federal Court Jurisdiction**

12          Federal courts are courts of limited jurisdiction and may adjudicate only those cases

13   authorized by the Unites States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*,

14   511 U.S. 375, 377 (1994). "Federal courts are presumed to lack jurisdiction, 'unless the contrary

15   appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)

16   (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)). Without jurisdiction,

17   the district court must dismiss the case. *See Morongo Band of Mission Indians v. California State*

18   *Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).  Generally, there are two bases for

19   subject matter jurisdiction: (1) diversity jurisdiction; and (2) federal question jurisdiction. 28

20   U.S.C. §§ 1331, 1332.

21                          **a.  Federal Question Jurisdiction**

22          Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil

23   actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises

24   under' federal law either where federal law creates the cause of action or 'where the vindication

25   of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican*

26   *Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd.*

27   *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of

28   federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v.*

1  *Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction

2  exists only when a federal question is presented on the face of the plaintiff's properly pleaded

3  complaint." *Id.*

4         Plaintiff does not allege any violation arising under the Constitution, laws, or treaties of

5  the United States upon which relief in this civil action is premised.  He alleges only

6  "discrimination" without reference to a constitutional violation or federal statute.

7                          **b.  Diversity Jurisdiction**

8         Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

9  actions "where the matter in controversy exceeds the sum or value of $75,000," and where the

10  matter is between "citizens of different States." 28 U.S.C. § 1332(a)(1).

11         Plaintiff's amended complaint does not adequately allege that the parties' citizenship is

12  completely diverse.  Plaintiff alleges that he is a citizen of California, and that Defendant Harder

13  Mechanical is a citizen of Oregon with its principal place of business in Oregon.  (Doc. 16 at 4-

14  5.)  However, he does not allege the citizenship of the other referenced defendants—Montambo,

15  Craig, Ronnie, or Tim.  (*Id.* at 5.)  Although Plaintiff lists the same address for the individual

16  defendants in Oregon, the Court notes that this address is the address for Defendant Harder

17  Mechanical.  (*Id.* at 2-3.)  The address of Harder Mechanical, without more, is insufficient to

18  establish the citizenship of the individual defendants.

19                          **4.  Title VII Discrimination**

20         "Title VII makes it an "unlawful employment practice for an employer ... to fail or refuse

21  to hire or to discharge any individual, or otherwise to discriminate against any individual with

22  respect to his compensation, terms, conditions, or privileges of employment, because of such

23  individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1).

24  Plaintiff's amended complaint, like his original complaint, fails to allege any facts to show

25  discrimination based on "race, color, religion, sex, or national origin."

26              **5.  Violation of the Americans with Disabilities Act ("ADA")**

27         A prima facie case of discrimination under the ADA requires a plaintiff to demonstrate:

28  (1) that he is disabled within the meaning of the ADA; (2) that he is a qualified individual with a

1  disability; and (3) that he was discriminated against because of his disability. *Smith v. Clark*

2  *County School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). "Disabled" under the ADA means an

3  individual with "[a] physical or mental impairment that substantially limits one or more major

4  life activities of such individual; a record of such an impairment; or being regarded as having

5  such an impairment...." 42 U.S.C. § 12102(1).  A qualified individual is "an 'individual with a

6  disability who, with or without reasonable accommodation, can perform the essential functions

7  of the employment position that such individual holds or desires.'" *Nunes v. Wal-Mart Stores,*

8  *Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12111(8)).

9        Plaintiff does not allege that he is a disabled person within the meaning of the ADA.

10  Plaintiff's primary allegations relate to being the only person required to undergo a physical

11  examination.  Under the ADA, an employer may not require a current employee to undergo a

12  medical examination unless the examination "is shown to be job-related and consistent with

13  business necessity." 42 U.S.C. § 12112(d)(4)(A); *see Indergard v. Georgia-Pac. Corp.*, 582 F.3d

14  1049, 1052–53 (9th Cir. 2009).  This prohibition applies to all employees, regardless of whether

15  they qualify as "disabled" under the ADA. *Indergard*, 582 F.3d at 1052–53*; Fredenburg v.*

16  *Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1182 (9th Cir. 1999). However, "[a]

17  covered entity may make inquiries into the ability of an employee to perform job-related

18  functions." 42 U.S.C. § 12112(d)(4)(B). Medical inquiries are job-related and consistent with

19  business necessity when an employer has good cause to determine whether an employee is

20  capable of performing his job-related functions. *See Yin v. State of California*, 95 F.3d 864, 868

21  (9th Cir. 1996); *Glover v. Brown*, No. 1:18-CV-0853-DAD-JLT, 2018 WL 3241072, at *2 (E.D.

22  Cal. July 2, 2018).

23        There are insufficient factual allegations in the amended complaint for the Court to

24  determine whether any defendant made an inquiry in violation of the provisions of the ADA.

25  Although Plaintiff alleges that "Craig" sent him to get a physical and that he was the "only one to

26  get a Physical," he has not alleged what inquiry was made or when, nor has he adequately

27  alleged the circumstances precipitating the inquiry.  He also has not alleged that the physical

28  examination or inquiry was not job-related or consistent with business necessity or that the

1    inquiry was not designed to determine his ability to work.  Without basic factual information, the

2    Court is unable to find that Plaintiff has stated a cognizable claim for violation of the ADA.

3        **III.  Failure to Obey a Court Order**

4            **A.        Legal Standard**

5            Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

6    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

7    within the inherent power of the Court."  District courts have the inherent power to control their

8    dockets and "[i]n the exercise of that power they may impose sanctions including, where

9    appropriate, . . . dismissal."  *Thompson v. Hous. Auth.,* 782 F.2d 829, 831 (9th Cir. 1986).  A

10   court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

11   failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*,

12   46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

13   *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order

14   requiring amendment of complaint); *Malone v. U.S. Postal Serv.,* 833 F.2d 128, 130–33 (9th Cir.

15   1987) (dismissal for failure to comply with court order).

16           In determining whether to dismiss an action, the Court must consider several factors: (1)

17   the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

18   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

19   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*,

20   779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

21           **B.        Discussion**

22           Here, Plaintiff's amended complaint is overdue.  (*See* Doc. 17.)  The action cannot

23   proceed without Plaintiff's cooperation and compliance with the Court's order. Moreover, the

24   Court cannot hold this case in abeyance awaiting compliance by Plaintiff.  The Court

25   additionally cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the

26   Court finds that both the first and second factors weigh in favor of dismissal.

27           The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a

28   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

1  *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs

2  against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*,

3  291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

4  responsibility it is to move a case toward disposition on the merits but whose conduct impedes

5  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Prods.*

6  *Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

7       Finally, the Court's warning to a party that failure to obey the Court's order will result in

8  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at

9  1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's June 6, 2025 screening

10 order expressly warned Plaintiff that his failure to comply would result in a recommendation for

11 dismissal of this action.  (Doc. 17 at 8.)  Plaintiff had adequate warning that dismissal could

12 result from his noncompliance.

13      Additionally, at this stage in the proceedings there is little available to the Court that

14 would constitute a satisfactory lesser sanction while protecting the Court from further

15 unnecessary expenditure of its scarce resources.  Plaintiff's in forma pauperis status in this action

16 indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is

17 likely to have no effect given that Plaintiff has not filed a second amended complaint.

18      **IV.   Conclusion and Recommendation**

19      For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed

20 based on Plaintiff's failure to obey the Court's order, failure to establish this Court's jurisdiction,

21 and for failure to state a cognizable claim.

22      These Findings and Recommendations will be submitted to the United States District

23 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

24 **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may

25 file written objections with the court.  The document should be captioned "Objections to

26 Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

27 **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

28 **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

9

1  **limit may not be considered.**  Plaintiff is advised that failure to file objections within the

2  specified time may result in the waiver of the "right to challenge the magistrate's factual

3  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

4  *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

5

6  IT IS SO ORDERED.

7      Dated:  __**July 15, 2025**__              ___/s/ *Barbara A. McAuliffe*___

8                                                     UNITED STATES MAGISTRATE JUDGE

10