**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HARDER MECHANICAL CONTRACTORS,<br><br>　　　　Defendant. | Case No. 1:23-cv-1162 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 19) |

　　　　Sergio Alvarez is proceeding *pro se* in this this civil action against Harder Mechanical Contractors. (Doc. 1.) The magistrate judge screened Plaintiff's amended complaint and found Plaintiff failed to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10, failed to adequately allege this Court's jurisdiction, and failed to state a cognizable claim for relief. (Doc. 17.) The Court provided Plaintiff with the relevant pleading and legal standards—based upon the limited allegations—and granted him one final opportunity to amend to state a cognizable claim. (*Id.* at 2-7.) The magistrate judge advised Plaintiff that if he failed to file an amended complaint, the Court would recommend dismissal with prejudice for failure to obey a court order and for failure to state a claim upon which relief may be granted. (*Id.* at 8.) Plaintiff responded to the Court order by stating the 30-day deadline was "not fair" given the time it took the Court to screen his prior pleadings. (Doc. 18.) However, he did not indicate an inability to comply with the deadline or seek an extension of time.

After Plaintiff did not file a second amended complaint, the magistrate judge issued Findings and Recommendations, recommending the Court dismiss the action. (Doc. 10.) The magistrate judge reiterated the prior findings that Plaintiff failed to allege facts sufficient to invoke this Court's jurisdiction or state a cognizable claim. (*Id.* at 3-8.) The magistrate judge also found terminating sanctions were appropriate for failure to comply with the Court's Screening Order, after considering the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). (*Id.* at 8-9.) Therefore, the magistrate judge recommended dismissal "based on Plaintiff's failure to obey the Court's order, failure to establish this Court's jurisdiction, and for failure to state a cognizable claim." (*Id.* at 9.)

Plaintiff filed a timely response to the Findings and Recommendations. Plaintiff reiterates that he filed a case with the EEOC, which informed Plaintiff that he could file a court case. (Doc. 20 at 1.) Plaintiff also attaches exhibits that he previously filed in this action concerning the termination of his employment. (*Id.* at 2-3.) However, Plaintiff does not dispute—or even acknowledge—the specific findings of the magistrate judge that Plaintiff failed to state a cognizable claim, did not state a claim that invokes this Court's jurisdiction, and failed to comply with the Court's order to file a second amended complaint. (*See id.*) The attached exhibits do not undermine the findings of the magistrate judge. Thus, Plaintiff's objections are unavailing.

According to 28 U.S.C. § 636 (b)(1), this Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, including Plaintiff's objections, the Court finds the Findings and Recommendations are supported by the record and proper analysis. However, given the findings that the Court lacks diversity and subject matter jurisdiction, dismissal *without* prejudice is appropriate. *See Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) ("because the district court lacked subject matter jurisdiction, the claims should have been dismissed without prejudice"); *Anrig v. Ringsby United*, 603 F.2d 1319, 1327 (9th Cir. 1978) (indicating dismissal for lack of diversity jurisdiction should be without prejudice). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 15, 2025 (Doc. 19) are **ADOPTED**.

2. This action is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **July 31, 2025**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

3